IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVON LYNTRELL TUCKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv734-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Devon Lyntrell Tucker's *pro se* motion for relief under 28 U.S.C. § 2255.  Doc. # 1.[1]

**I.  INTRODUCTION**

On March 5, 2015, Tucker pleaded guilty under a plea agreement to one count of conspiring to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Tucker's convictions stemmed from his participation in a scheme to obtain tax refunds by filing fraudulent tax returns using stolen identities.  As part of the scheme, Tucker, who worked as a jailer for the Troy, Alabama Police Department, stole the personal identification information of nearly 100 inmates and provided this information to a co-conspirator, "a female in Florida," who used it to file fraudulent tax returns through her tax

---

[1] References to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

preparation business. Doc. # 4-1 at 5. Arrangements were made between Tucker and the female for Tucker to get a portion of each tax refund generated through the scheme. *Id*. The IRS identified 19 false tax returns filed in the scheme, claiming over $100,000 in refunds, with approximately $13,000 in refunds actually being paid out by the IRS. *Id.* at 6.

Following a sentencing hearing on August 3, 2015, the district court sentenced Tucker to 32 months in prison, consisting of 8 months on the conspiracy count and 24 months on the identity theft count, the terms to run consecutively. Doc. # 1-2 at 2. The district court entered its judgment on August 6, 2015. *Id*. at 1. Tucker did not appeal.

On August 29, 2106, Tucker filed this § 2255 motion claiming he should receive a mitigating role reduction to his sentence based on Amendment 794 to § 3B1.2 of the United States Sentencing Guidelines. *See* Docs. # 1 & 2. For the reasons that follow, the Court concludes that Tucker's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.[2]

---

[2] In its response to Tucker's § 2255 motion, the government argues, among other things, that Tucker's claim is barred by a provision in his written plea agreement by which he waived his right to attack his sentence on appeal or in a post-conviction proceeding. Doc. # 4 at 4. The Eleventh Circuit has held that to enforce such a waiver provision, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert,* 997 F.2d 1343, 1351 (11th Cir. 1993). There is no transcript of Tucker's change of plea hearing, and nothing in the record enables this court to determine if Tucker understood the full significance of the waiver provision in his plea agreement. Thus, this court cannot say that the waiver in Tucker's case is enforceable. The court notes that Tucker's § 2255 motion was filed shortly after the expiration of the one-year limitation period in 28 U.S.C. § 2255(f), but the government has not asserted the time-bar against Tucker's motion. *See, e.g., Patton v. United States*, 255 F. Supp. 3d 1182, 1186 (N.D. Ala. 2017) (for purposes of 28 U.S.C. § 2255(f)'s limitation period, judgment of conviction becomes final 14 days after district court's judgment is entered when no direct appeal is filed). Because Tucker is clearly entitled to no relief, this court pretermits further discussion of the statute of limitations issue.

## II.   DISCUSSION

### A.   General Legal Standard

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B.   Amendment 794 to U.S.S.G. § 3B1.2

Tucker maintains that he should receive a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2.  Doc. # 1 at 4; Doc. # 2 at 2–6.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased

>    (a)    If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
>    (b)    If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction. The listed factors introduced in Amendment 794 are:

>    (i)    the degree to which the defendant understood the scope and structure of the criminal activity;
>
>    (ii)   the degree to which the defendant participated in planning or organizing the criminal activity;
>
>    (iii)  the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
>    (iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
>    (v)    the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

Tucker specifically seeks a four-level "minimal role" reduction to his sentence, *see* § 3B1.2(a), arguing he is entitled to such a reduction because, he says, he had no proprietary interest in the criminal activity for which he was convicted and was "substantially less culpable than the others involved." Doc. # 2 at 3–5. Tucker maintains that his role in the

tax refund scheme was "limited to supplying a number of personal information records . . . to the 'Female From Florida,'" who then used the stolen information to file the fraudulent tax returns through her tax preparation business. *Id*. at 4.  For this "service," Tucker says, he was compensated a total of $5,000.  *Id*.  According to Tucker, he did not organize the scheme or exercise any decision-making authority in the scheme, and he "only stood to benefit based on his agreed upon services."[3]  Tucker's claim entitles him to no relief.

In *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning it only clarifies the factors a court should consider for a mitigating role adjustment and did not substantively change § 3B1.2.  *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").  In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice.  This is so because "§ 2255 is not a substitute for direct appeal."  *Id*. at 1331 (citation omitted).  Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which

---

[3] An application note to § 3B1.2(a) provides that the minimal role reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group.  Under this provision the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant.  It is intended that the downward adjustment for a minimal participant will be used infrequently."  U.S.S.G. § 3B1.2, cmnt. n.4.

inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id*. (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). Because Amendment 794 did not constitute a change in the substantive law, Tucker had a sufficient opportunity to challenge the absence of a minimal role reduction at his original sentencing (and on direct appeal). He failed to do so.

Nor does Tucker offer facts that would support his claim he qualifies for the minimal role reduction. The Eleventh Circuit has stated that a mitigating role reduction only makes sense analytically if the defendant can establish that his role was minor compared to the relevant conduct attributed to him. *United States v. De Varon*, 175 F.3d 930, 940–41 (11th Cir. 1999). Two principles guide this analysis: (1) "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing," and (2) "[his] role as compared to that of other participants in [his] relevant conduct." *Id.* at 940. Here, Tucker was an essential cog in the fraudulent tax refund scheme. The scheme could not have worked without him: he stole the personal identification information of every individual whose identification information was used to file false tax returns claiming over $100,000 in refunds from the IRS. Thus, he was involved in the entire amount of intended loss attributed to him at sentencing. As the government correctly observes, without Tucker's actions, "the crime downstream could not have taken place." Doc. # 4 at 6 n.2. Tucker fails to prove that his actual conduct was any different from the relevant conduct for which he was held accountable at sentencing, or that he was less culpable than most other

6

participants in his relevant conduct.[4]  *See De Varon*, 175 F.3d at 939, 945.  Further, the facts set forth in Tucker's PSI indicate that Tucker understood the scope and structure of the tax refund scheme and the activities of others involved in the scheme.  *See* Doc. # 4-1 at 5–6.  Finally, although Tucker maintains he received only $5,000 for the acts he committed in furthering the scheme, the PSI indicates there was an arrangement for Tucker to receive a portion of each tax refund generated through the scheme.  *Id*. at 5.

A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when he establishes that he is actually innocent of his crime or that a prior

---

[4] In *United States v. Cruickshank*, 721 F. App'x 909 (11th Cir. 2018), the Eleventh Circuit stated:

> In *[United States v.] De Varon*, [175 F.3d 930 (11th Cir. 1999),] we established a two-part test to determine whether a defendant qualifies for a minor-role adjustment.  *See id*. at 940.  First, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable."  *Id*. at 945. "When the relevant conduct attributed to a defendant [at sentencing] is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable."  *United States v. Alvarez-Coria,* 447 F.3d 1340, 1343 (11th Cir. 2006).  Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in [the] relevant conduct."  *De Varon*, 175 F.3d at 945.
>
> To conduct this inquiry, we've held that "the conduct of participants in any larger criminal conspiracy is irrelevant."  *De Varon*, 175 F.3d at 944.  Rather, the district court should (1) look to "other participants only to the extent that they are identifiable or discernable from the evidence," and (2) "consider only those participants who were involved in the relevant conduct attributed to the defendant."  *Id*.  We've advised that "[a] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants."  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320–21 (11th Cir. 2010) (emphasis omitted).  Additionally, we have warned that "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none [of the participants] are minor or minimal participants."  *De Varon*, 175 F.3d at 944.  *Amendment 794 to the Sentencing Guidelines embraced the approach we took in De Varon, and incorporated many of the same factors delineated in De Varon.  Cruickshank,* 837 F.3d at 1193–94 ("*Cruickshank* I").

721 F. App'x at 911–12 (emphasis added).

conviction used to enhance his sentence has been vacated.  *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014).  Tucker argues neither thing.  Considering the circumstances, any alleged misapplication of the Sentencing Guidelines in this case—and Tucker wholly fails to establish such a misapplication—cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255.  *See Burke*, 152 F.3d at 1332.

Tucker is entitled to no relief on the claim in his § 2255 motion.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Tucker be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that **on or before October 10, 2018**, the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 26th day of September, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE